# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

December 20, 2022

**BY ECF**

Magistrate Judge Barbara Moses
Southern District of New York
United States Courthouse
500 Pearl Street, Rm. 20A
New York, New York 10007

# MEMORANDUM ENDORSED

Re:   **United States v. Joshua Cheathum**
       **22 MJ 6650 (UA)**

Dear Magistrate Judge Moses:

Joshua Cheathum, through undersigned counsel, respectfully submits this letter in support of his request to modify the conditions of his pretrial release.  Specifically, Mr. Cheathum asks the Court to replace his home detention condition with a condition requiring Mr. Cheathum to adhere to a curfew set at the discretion of pretrial services.  In addition, Mr. Cheathum requests that the Court grant him permission to spend Christmas Eve and Christmas Day with his family at his mother's residence in Jersey City, NJ.  Pretrial services has been provided with the address to the home in New Jersey.  If granted permission, Mr. Cheathum would be leaving his residence at 9:00 a.m. and returning by 10:00 p.m. on both days.

## I.   Background

On August 12, 2022, Mr. Cheathum was charged via Criminal Complaint with a single count of being a felon in possession of a firearm.  *See* Doc. 1.  There is no allegation within the Complaint that Mr. Cheathum used the firearm in any way to commit violence or in connection

with another offense.  Rather, the sole allegation is that Mr. Cheathum was seen in a music video holding what appeared to be a firearm.  Later, pursuant to a parole search, law enforcement recovered a similar looking firearm in a home that he shared with others.

The Court held a detention hearing on August 18, 2022.  Following that hearing, Mr. Cheathum was released on conditions that included a $50,000 bond, no travel outside of the Southern and Eastern Districts of New York, and home detention in conjunction with location monitoring.  *See* Doc. 5.  In the four months that have followed, pretrial services reports that Mr. Cheathum has been in overall compliance with the conditions of his release.  Furthermore, Mr. Cheathum has been able to obtain employment, first as a UPS Warehouse Worker in November of 2022, and recently, he found a better opportunity as a Warehouse Worker with LaserShip.

Given his overall compliance over the past four months, Mr. Cheathum now asks that the Court place him on a curfew, as opposed to home detention.  The primary reason for this request is that Mr. Cheathum has a nine-year-old son with whom he would like to spend more time.  Mr. Cheathum's son currently lives with the child's mother, and the mother unfortunately does not have the ability to transport the child to see Mr. Cheathum.  In addition, Mr. Cheathum would like to use this time to volunteer at a local youth center, so he can demonstrate to the Court that he can be an asset to his community.

Finally, Mr. Cheathum asks that, even if the Court were not to modify his conditions of release, the Court would consider granting him permission to spend the holidays with his family at his mother's home in Jersey City, NJ.

Undersigned counsel has conferred with the government and pretrial services about Mr. Cheathum's motion.  Both parties oppose the requested relief.

## II.    Law and Analysis

Title 18 United States Code § 3142(c)(3) authorizes judicial officers to modify the conditions of a defendant's pretrial release at any time.  *See* 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release."). Courts have found that this authority "is based on the possibility that a changed situation or new information may warrant altered release conditions."  *United States v. Dzhamgarova*, 2021 WL 3113036, at *1 (S.D.N.Y. July 21, 2021) (internal quotations and citation omitted); *see United States v. Falcetti*, 2002 WL 31921179, at *1 (E.D.N.Y. Oct. 31, 2022) ("Conditions of bail should properly be modified if a substantial change in circumstances as they existed at the time bail was fixed is clearly shown.").  Against this backdrop, it must be considered that the Bail Reform Act requires "the pretrial release of a defendant subject to the least restrictive conditions or combination of conditions that will 'reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community.'"  *United States v. Diaz*, 2018 WL 5282882, at *2 (S.D.N.Y. Oct. 24, 2018) (citing 18 U.S.C. § 3142(c)(1)(B)).

Here, Mr. Cheathum maintains that the current condition requiring home detention is not the least restrictive condition available to assure his appearance or the safety of the community. Indeed, Mr. Cheathum's overall compliance with the terms of his release over the past four months, and his initiative in pursuing better employment opportunities when he could have just settled, have demonstrated that he can be trusted with more freedom.  Mr. Cheathum does not request free reign to do or go wherever he pleases without oversight.  To the contrary, his primary motivation for seeking a modification of his pretrial release condition is to spend time with his nine-year-old son, who he represents was hospitalized in the recent past with bronchitis.  Though he has since recovered, the inability to be present with and help care for his son has been difficult for Mr.

Cheathum.   Additionally, Mr. Cheathum would like to use his time on pretrial release to demonstrate to the Court that he can be an asset to his community by volunteering at a local youth center.  Currently, his home detention condition does not allow for either of these possibilities.  He thus asks the Court to replace that condition with one requiring him to adhere to a curfew set by pretrial services.  Importantly, Mr. Cheathum would remain on electronic monitoring under such a curfew condition.

Even if Mr. Cheathum's overall compliance with the terms of his release do not warrant the modification of his home detention condition, it at the very least should give the Court enough confidence to permit him to spend Christmas Eve and Christmas Day with his family at his mother's home in Jersey City, NJ.  Pretrial services would be able to monitor his whereabouts at all times.  And there is no indication that visiting his mother's home would serve as a catalyst for new criminal activity.  In fact, Mr. Cheathum's mother is a co-signer on his bond, which gives her every incentive to ensure that he returns home without incident.  Accordingly, this is a very low-risk request.

For all of these reasons, Mr. Cheathum respectfully asks the Court to grant his motion to modify the terms of his pretrial release.

**III.    Conclusion**

For the reasons stated herein, Mr. Cheathum respectfully requests that the Court modify the terms of his pretrial release by replacing his home detention condition with a condition requiring him to abide by a curfew set at the discretion of pretrial services.  Additionally, Mr. Cheathum asks that the Court grant him permission to spend Christmas Eve and Christmas Day with his family at his mother's home in Jersey City, New Jersey.

Respectfully Submitted,

Kristoff I. Williams
Assistant Federal Defender
Federal Defenders of New York
(212) 417-8791

Cc:    United States Pretrial Services Officer Francesca Piperato (via email);
       Assistant United States Attorney Jacob Gutwillig (via ECF)

Defendant is granted permission to spend December 24, 2022, and
December 25, 2023, with his family at his mother's home in Jersey City,
New Jersey, for the time periods stated in this letter.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

December 23, 2022